PROPST, District Judge,
concurring:
I concur in the result. I do so solely on the basis that a question of fact exists as to whether the defendant’s offer of sales associate position(s) was a bona fide offer. Among the matters that the jury will have to consider in this regard will be the availability of such position(s) or the intent of the employer to create and fill the position(s) on a reasonably permanent basis, the meaning and significance of the statements allegedly made by Warner to other employees after the March 12, 1993 meeting, etc. I would not attach as much significance as the majority opinion does to the subjective opinions of the plaintiff or to whether the offer was reluctant one. I further would not suggest that the plaintiff can recover on an “actual” termination claim *1438 merely by showing that the employer had made “an offer it knows will not be accepted.” This unnecessarily blurs the distinction between an “actual” discharge and a “constructive” discharge analysis.[1] As long as the offer is in fact an offer, the employer’s speculation or belief as to the employee’s reaction to the offer should not affect the legitimacy of the offer or relieve the employee of proving a “constructive” discharge in order to prevail. I also do not agree with the statement in the majority opinion that “[We] find that reasonable minds could conclude that Warner’s statements that Thomas ‘can no longer be an Area Sales Manager in this store’ and instructing her to go home constituted termination under the circumstances.” I would not so emphasize this isolated evidence.

. See majority opinion supra at note 3.